## 11501

### HYDRICK v. RHODE ISLAND INSURANCE COMPANY
### HYDRICK v. CONCORDIA INSURANCE COMPANY

#### (127 S. E., 367)

INSURANCE—MEETING OF MINDS HELD INSUFFICIENTLY SHOWN TO ESTABLISHED BINDING CONTRACT OF INSURANCE.—Where fire insurance agent unable to obtain removal permit, to protect insured, and without his knowledge, had policies in same amount issued by other companies with intent to substitute them, and where insured property was destroyed by fire before insured learned of issuance of such policies, *held*, there was no meeting of minds sufficient to make binding contracts between insured and such substituted companies.

Before FEATHERSTONE, J., Orangeburg, April, 1923. Reversed and remanded with instructions.

Action by John Henry Hydrick v. Rhode Island Insurance Company, and against the Concordia Fire Insur-

ance Company. Judgment for plaintiff and defendants appeal.

*Messrs. Fowles & Bailey,* for Rhode Island Insurance Company, and *Nettles & Tobias* and *W. B. Marion,* for Concordia Fire Insurance Company, cite: *Error to incorporate in case testimony in separate proceeding, although they had been consolidated for trial:* 1 R. C. L., 361; 105 Atl., 87; 209 S. E., 355; 145 U. S., 285; 95 Federal, 506; Ann. Cas., 1913, E., 1049; 36 S. C., 213; 10 Rich. L., 141; 1 N. & McC., 413; 97 S. C., 27. *Testimony failed to establish contract of insurance with defendants:* 1 Cooley Ins., 411; 20 L. R. A., 277; 52 A. S. R., 904; 35 L. R. A., 279; 51 L. R. A. (N. S.), 875; 51 L. R. A. (N. S.), 545; 117 Fed., 442. *Plaintiff had not consented to substitution and there was no contract with defendants:* 2 S. W., 369; 5 S. E., 542; 3 N. E., 341; 117 Fed., 447; 35 L. R. A., 277; 10 L. R. A., 144; 2 Cooley's Ins., Sec. 2790.

*Messrs. Ed C. Mann* and *A. J. Hydrick,* for respondents, cite: *Testimony of the defendants will be considered on question of error in refusing nonsuit:* 110 S. C., 556. *Plaintiff has established contract:* 113 S. C., 492. *Consolidation of cases a matter of discretion:* 36 S. C., 213.

May 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The plaintiff commenced four separate actions in the Orangeburg Court of Common Pleas against the National Fire Insurance Company for $2,000, against the Milwaukee Mechanics' Fire Insurance Company for $3,000, and against each of the appellants the Rhode Island Insurance Company and the Concordia Fire Insurance Company for $1,500, being for $8,000 in all, and each of the four cases was commenced by the service of summons on April 24, 1922. The case against the Milwaukee Mechanics' Insurance Company resulted in a mistrial, after which, on motion of the

plaintiff, with the consent of the Milwaukee Mechanics' Insurance Company and over the objection of the National Fire Insurance Company and the two appellants, the presiding Judge ordered the cases tried together, and they were so tried, before Hon. C. C. Featherstone and a jury on April 18, 1923. The two appellants made motions for a nonsuit and for a directed verdict in their cases, and these were overruled, and the verdict was against each for $1,500 and interest, the face of their policies."

The verdict was in favor of the Milwauke Mechanics' Company and against the National Concordia and Rhode Island Companies. The appeal is by the Rhode Island Insurance Company and Concordia Fire Insurance Company.

The exceptions are that his Honor should have granted a nonsuit as asked for by the defendants, and later should have directed a verdict in favor of the defendants as asked for.

These exceptions raise the single question that his Honor should have taken the cases from the jury and should have held that the testimony of the plaintiff failed to establish a valid contract of insurance against either appellant, but, in fact, it established there was no such contract.

The testimony of the plaintiff shows that he did not know of the existence of the policies in appellant companies until after the fire; that he did not ask for any additional insurance, but simply for a permit to remove his property.

The agent of the company found that the company did not insure property in the country, and in order to protect plaintiff issued policies in the appellant companies for $1,-500 to cover the amount in Milwaukee Mechanics' Fire Insurance Company, intending them to be a substitution of that policy. After the fire, he delivered these policies to plaintiff, and demanded the policy in Milwaukee Mechanics' Fire Insurance Company. The plaintiff refused this and retained all of the policies and brought suit on all of them.

Plaintiff testifies that when he approached Hildebrand that there was no question of additional insurance, he says: .

"I did not request any more, I did not anticipate that there would be any more than $5,000, and I was laboring under the impression that that was all the insurance I had on the property."

He further testifies that he held no agency responsible to keep his property insured, taking care of the policies himself, and having insurance in various agencies; that he did not know of the existence of policies of the appellants until 13 days after the fire.

On February the 24th Hildebrand brought the policies to his office, and plaintiff testifies:

"That was the first intimation or knowledge that I had of the issuance or existence of the policies in the Concordia and Rhode Island Companies. I had not requested that these policies he written nor expressed a desire to Mr. Hildebrand for any additional insurance, nor had I obligated myself to Mr. Hildebrand to pay for any other insurance than that in the Milwaukee Mechanics.' "

The evidence of the plaintiff conclusively shows that there was not such a meeting of minds between the plaintiff and the agent, Hildebrand, of appellant companies, to make binding contracts of insurance. Hildebrand attempted to protect the plaintiff by issuing policies by way of substitution for the Milwaukee Mechanics' policy, and plaintiff would not allow him to do so, but declined it. The record shows that there was no agreement to substitute. The plaintiff knew nothing of the attempted substitution of the policies until after the property insured had been destroyed by fire. He refused the attempted substitution; he had no knowledge of their existence and had not authorized them to be written.

We think the exceptions should be sustained; that the case be remanded, with instructions for the clerk to enter up judgment for the appellants under the rules of Court in the event that the judgment be reversed. Rule 27 of this Court.

Reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.