## Vicars v. Mutual Benefit Health & Accident Association of Omaha, Neb.

(Decided April 26, 1935.)

CHARLES A. JOHNSON for appellant.

BRUCE & BULLITT and R. LEE BLACKWELL for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming

The appellant, Dr. Thomas G. Vicars, brought this

action to recover damages claimed suffered by him as a result of the refusal of the appellee, the Mutual Benefit Health & Accident Association, to renew on January 1, 1934, a health and accident insurance policy issued to him October 29, 1927.

Upon the trial of the cause, at the conclusion of the testimony, the court gave a directed instruction to return a verdict for the insurance company, upon which judgment was entered dismissing plaintiff's petition with costs.

Dr. Vicars has apealed, complaining that the giving of the peremptory instruction was erroneous.

By the terms of the policy, which the company refused to renew upon tendered payment of premium therefor by appellant, it is provided that:

"(c) * * * This policy is issued in consideration of * * * the payment in advance of $27 as first payment; and the payment in advance of premiums of $17 quarterly or $68 annually thereafter beginning with April 1, 1928, is required to keep this policy in continuous effect."

The policy in question is a health and accident policy, which provides indemnity (1) for death only if such results from bodily injuries sustained through accidental means, and (2) for disability (a) caused by such injuries or (b) by sickness.

The policy is also one for term insurance and provides that, "(d) The term of this policy begins * * * on the date of issue * * * and ends at 12 o'clock noon of date any renewal is due," and also that its renewal shall be optional with the company, the third paragraph of clause (c) providing that the "acceptance of any premium on this policy shall be optional with the Association." Also, a "rider" attached to the policy recites, as agreed by the contracting parties, that:

"The Association cannot cancel this policy during any period for which the premium has been paid.

"It is further understood and agreed that this policy cannot be canceled by the Association during any period of disability of the Insured."

The appellee insurance company refused, upon the expiration of the quarterly term ending January 1, 1934, to extend the term of the policy beyond that date, though advance payment of the quarterly premium of $17, then due for the succeeding quarter, was made by the insured (appellant) to the company's local agent. The company's refusal to renew the policy after such payment and its return on January 16, 1934, of the premium, as constituting a breach of the contract, is the basis of this suit.

It is shown by the record, and admitted, that in June, 1933, Dr. Vicars was afflicted with peptic ulcers of the stomach, causing his total disability for a period of several weeks, for which the company paid him $360 as a disability benefit, and, in consideration of which, as being in compromise of his claim, he executed it a written release "from any and all liability * * * for or on account of any loss or liability due either directly or indirectly to any * * * sickness or disability occurring or commencing on or about the 1st day of June, 1933.

"It is further understood and agreed that the payment to me of the above specified sum and the acceptance of said sum by me, is done in, and as, a compromise, and that the same is and forever shall be, a bar to any suit at law or otherwise upon said policy on account of said sickness, injury or liability, or anything resulting therefrom."

On January 16, 1934, the appellee insurance company returned to Dr. Vicars the $17 payment by draft and advised him that it was in full refund of the premium he had previously paid on December 20th to its local Pineville agent, as the remittance could not be accepted by it for extension of the policy, and that the company was unable to arrange a premium rate or terms under which his insurance contract might be renewed.

Dr. Vicars, protesting the company's refusal to renew his policy, filed this action against it therefor, alleging that it was without right, under the provisions of the policy and facts stated, to refuse to renew it and that he had suffered damages by reason thereof in the sum of $2,500, for which he asked recovery.

Defendant answered, traversing the averments of

the petition and pleaded the terms of the policy and that the facts alleged did not bring the case within the terms of the restrictive "rider" attached to the policy.

Upon trial, at the conclusion of the evidence, the defendant moved for a directed verdict, which the court granted, instructing the jury that:

"This case has come down to a question of law, as the Court understands it, and the plaintiff, in my judgment, has not proven that he was injured in any way during the time his policy was in force."

Challenging the propriety of this instruction, the appellant seeks a reversal of the judgment entered upon the directed verdict.

In our consideration and disposition of this contention, it is to be noted, as hereinabove set out, that the policy expressly provides that its renewal is optional with the company. But appellant contends that, even conceding such right of the company to refuse renewal of the policy, it was restrained from its exercise by reason of the rider qualifications made to the policy that it could not be canceled (a) during any period for which the premium has been paid and (b) during any period of disability of the insured. He contends that inasmuch as he had made advance payment of the quarterly premium on December 30, 1933, extending the policy in force for a further three-month period, the policy was thereby renewed, with the result that the company wrongfully and in violation of this rider provision had canceled the policy.

However, it is to be noted that the action before us was not one seeking recovery under the policy, as one then rightly in effect, for disability suffered either prior or subsequent to its attempted cancellation in January, 1934, by reason of his disability arising from peptic ulcers or other disability. Also it is to be noted that it is not alleged by the petition that he had suffered any disability covered by the policy for which he had not been paid prior to its attempted cancellation, nor was his suit one in equity to enforce the company's renewal of his policy or to compel it to recognize it as being one then in force by reason of his premium payment thereon. Rather, his action is one only seeking

damages alleged suffered by reason of the company's alleged wrongful cancellation of it, without any showing made by the proof that he has suffered damage.

In view of these admitted facts disclosed by the record, we are not inclined to regard the ruling of the learned trial court as improper in dismissing plaintiff's petition, by which he sought damages where none were shown, by the evidence introduced, to have been suffered.

We do not regard it as necessary to here further decide, when such issue of law is not properly before us, as to whether or not the insurance company had the right under the option reserved by its terms, to cancel this health and accident policy after payment of premium, or whether or not the company's cancellation of it comes within the generally recognized rule applicable to the wrongful cancellation of life insurance policies, entitling the insured to damages therefor. A marked distinction may be observed between the terms and conditions of life policies and the terms and conditions of health and accident policies, which, unlike life insurance policies, are not required to have any reserve or surrender value, creating vested or contract rights thereunder in the insured.

The matter of such distinction as existing between these different classes of policies, with like distinction of right resulting therefrom, is discussed in the case of Mid-Continent Life Ins. Co. v. Christian, 164 Okl. 161, 23 P. (2d) 672, 674. In that case it appears that Christian was insured against disability from accidental injury or disease. He made a claim for disability benefits, but the company refused the claim and tendered back to him the amount of premium paid at the time the policy was issued, in an attempt to terminate the insurance. Christian elected to treat such as a wrongful termination of the insurance and sued for damages therefor. The court, in passing upon the claim and in holding that Christian did not state a cause of action, said:

"The theory under which the trial court instructed the jury was the rule of law announced by this court, where a life insurance policy had been breached by the insurance company. This court

18

has on several occasions approved the rule laid down in the trial court's instructions, where the suit was over a life insurance policy, but we observe that in a life insurance policy the elements to be considered are much different from those to be considered in a health and accident policy. In the average life insurance policy the sum is payable upon the death of the insured, which is in no way certain [uncertain?]."

In regard to the latter class of policies, for their attempted wrongful cancellation or breach, liability for damages is very generally held to result. See for declaration of the applicable rules governing in such cases 14 R. C. L., secs. 192 and 193, pp. 1013 and 1014; American Insurance Union v. Woodard, 118 Okl. 248, 247 P. 398, reported and annotated in 48 A. L. R. 102; 32 C. J., secs. 461 to 466, pp. 1263 to 1265. However, we are not to be understood as here expressing an adverse opinion or as deciding the question as to whether or not a right to recover damages might exist for the attempted wrongful cancellation of a health and accident policy in harmony with the rule applicable to that of life insurance policies, nor as holding that the appellee in the instant case could refuse a renewal of the policy after appellant's payment of the premium to its local agent on December 30, 1933, even before the same became due.

For the reasons stated, it follows that the complained of ruling of the trial court, being in harmony with our conclusion here reached, its judgment is affirmed.