[No. 26302.    Department One.    December 28, 1936.]

DOROTHY M. PERKINS, *as Administratrix, Appellant,*
v. ASSOCIATED INDEMNITY CORPORATION,
*Respondent.*[1]

*A. P. Wilson* and *F. L. Morgan,* for appellant.

*N. A. Pearson* and *F. M. Reischling,* for respondent.

MILLARD, C. J.—On October 23, 1933, the Associated
Indemnity Corporation, a foreign insurance corpora-
tion, issued to Charles C. Perkins an insurance policy
under the terms of which the insurer was obligated to
indemnify the insured or his beneficiaries for loss of

[1]Reported in 63 P. (2d) 499.

life, limb, sight or time caused by accidental injury during the term of twelve months

". . . from the 23rd day of October, 1933, beginning and ending at twelve o'clock, noon, Standard Time, at the place where this Policy is countersigned."

The annual premium of $34 was paid at the time of the issuance of the policy, which was in the principal sum of two thousand dollars with weekly indemnity of twenty dollars.

The weekly indemnity for total disability was payable as long as the insured was wholly and continuously disabled by the injury and prevented from engaging in any and every occupation for compensation. The weekly indemnity for partial disability was in an amount less than the indemnity payable for total disability. The contract provided:

"Commencing with the second year of this insurance, five per cent shall be added annually to the Principal Sum of the first year until such additions shall amount to fifty per cent. Thereafter, so long as this Policy shall be maintained in force, the insurance will be for the original Principal Sum plus the accumulations."

Included in the standard provisions of the policy are the following:

". . . (16) The Company may cancel this Policy at any time by written notice delivered to the Insured or mailed to his last address, as shown by the records of the Company, together with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

Paragraph (8) of the Additional Provisions of the policy reads as follows:

"This policy may be renewed subject to all of its provisions, from term to term, with the consent of the

Company, and by the payment of the premium in advance at the Company's premium rate in force at time of renewals.''

On September 7, 1934, the insured was disabled by an accidental injury. The insurer paid to the insured from time to time compensation aggregating $280. A dispute then arose between the parties whether the disability was total or partial.

On April 12, 1935, at which time the parties were not in accord as to whether the disability was total or partial, the insured was drowned in the Chehalis river. The insured's widow, as administratrix, instituted an action against the insurer to recover indemnity for total disability from September 7, 1934, to the date of the death of the insured.

For a second cause of action, plaintiff sought recovery of the face of the policy, on the ground that the policy was in force at the time of the death of the insured, and that the insured met his death by accidental drowning. The defendant tendered and paid into court $165.71 as payment in full of the amount due on the first cause of action. At the close of the evidence, the defendant's attorney challenged the sufficiency of the evidence in behalf of the plaintiff to sustain either her first or second cause of action. Plaintiff challenged the sufficiency of the evidence adduced in behalf of the defendant to constitute a defense. The court sustained the contention of the plaintiff as to her first cause of action, withdrew from consideration of the jury the second cause of action, and directed a verdict for the defendant.

The trial court's findings, which are amply sustained by the evidence, respecting the plaintiff's second cause of action, are summarized as follows:

The insurance policy in question was for the term of twelve months beginning October 23, 1933, and expired

October 23, 1934. No further premium was ever paid or tendered to the defendant insurance company other than the original payment of premium for the term from October 23, 1933, to October 23, 1934. The insured received an injury September 7, 1934, which totally disabled him up to the date of his death on April 12, 1935. Defendant paid the insured from time to time a total of $280 as compensation for the disability. By reason of a dispute whether the disability was partial or total, defendant ceased payment on the disability to the insured. At the time of the death of the insured, figured on the basis of total disability, there was due from the defendant to the plaintiff, less $165.71 which defendant tendered to plaintiff and paid into court, the sum of $199.37.

Plaintiff, who is the widow of deceased, tendered the renewal premium on said policy on behalf of the insured subsequent to September 7, 1934, when the insured was injured, and prior to October 1, 1934. Defendant's agent to whom the tender of the renewal premium was made informed the plaintiff that the defendant had ceased writing health and accident insurance in this state, and that the policy would not be renewed. No communication, written or oral, was had by the defendant with the insured. All communications respecting the matter of insurance were had with the wife of the insured.

The trial court was of the view that the contract of insurance expired October 23, 1934, and that it was not subject to renewal without the consent of the defendant company, and that the company never consented to its renewal. The trial court further found that, several months prior to the expiration of the policy in question, the defendant company had retired from this state in so far as the writing of health and accident insurance is concerned.

The court concluded that the plaintiff was entitled to judgment on her first cause of action as found above, and concluded that plaintiff's second cause of action should be dismissed with prejudice. The court expressed the opinion that the policy was one of term insurance and had expired prior to the death of the insured, and that the policy was not subject to renewal without the consent of the company, to which renewal the company never consented.

The court further concluded that, as the defendant had withdrawn from the state of Washington in so far as the writing of health and accident insurance was concerned, the defendant could not have renewed the policy had it so desired, that defendant was under no duty to renew the policy, and that no duty was imposed upon the defendant to notify the insured that his policy expired on October 23, 1934. Judgment was entered accordingly. Plaintiff appealed.

Counsel for appellant insist that the contract of insurance in the case at bar was a continuing contract, under the terms of which the respondent was limited to the privilege of cancellation of the contract in the manner provided by the statute and by the contract. The provision upon which the appellant relies reads as follows:

"(16) The Company may cancel this Policy at any time by written notice delivered to the Insured or mailed to his last address, as shown by the records of the Company, together with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

While conceding that the policy would lapse for nonpayment of the annual premium, counsel for appellant further argue that, as the insurer had, at the time the premium became due, sufficient funds in its hands due

the insured to pay the premium, it was the duty of the respondent company to apply such funds to the payment of the premium so as to prevent a forfeiture of the policy.

■ Prior to the expiration of the policy, the respondent refused to accept a renewal premium. The argument that the respondent could not refuse to renew the policy if the insured offered to pay the annual premium, and could only cancel the contract by notice to the insured, is without merit. It should be borne in mind that policies of insurance such as the one in the case at bar can be written for only a specified term. The statute requires that the time at which the insurance thereunder takes effect and terminates be stated in a portion of the policy preceding its execution by the insurer. Rem. Rev. Stat., § 7234 [P. C. § 3131-2a]. This is quite the opposite of the statutory provisions respecting life insurance. Rem. Rev. Stat., § 7230 [P. C. § 3128]. Under an ordinary life insurance policy, the insurer would not have the right to reject timely payments of premiums. The very opposite is the case in benefit, health and accident policies. *Davis v. Mutual Ben. Health & Accident Ass'n,* 168 Okla. 514, 34 P. (2d) 579. Ordinarily, a life insurance policy is one issued to be paid on the death of the person insured after the payment of stipulated annual premiums.

When a policy provides for its termination at a particular time like the one in the case at bar, it terminates at that time without any notice. The contract in the case at bar terminated at the expiration of the twelve-month period for which the premium had been paid, unless an additional premium for an additional twelve months was paid before the expiration of the twelve months during which the policy was effective. Under the Additional Provisions, subdivision (8) of the con-

tract, the policy was renewable subject to all of its provisions, from term to term, by payment of the premium in advance at the company's premium rate in force at the time of renewal, if the company consented to such renewal. It is optional with the insurer under the provisions of a contract like the one in the case at bar whether the policy will be periodically renewed upon each successive expiration. *MacDonald v. Metropolitan Life Ins. Co.,* 304 Pa. 213, 155 Atl. 491, 77 A. L. R. 353. The contract provides:

"This policy may be renewed subject to all of its provisions, from term to term, with the consent of the Company, and by the payment of the premium in advance of the Company's premium rate in force at time of renewals."

There was no absolute right of renewal. The right of renewal was subject to the consent of the insurer. Under the terms of the policy, it was optional with the insurer whether or not to renew the policy.

The policy expired October 23, 1934. At no time prior to the date of expiration was a further premium ever paid, or deducted by the company. The policy in the case at bar was not written for an indefinite term like life insurance. Such indeterminate policies are written for life subject to forfeiture for nonpayment of premium, etc. Those contracts do not have to be renewed. They continue until one party or the other breaches the contract.

The accident insurance policy in the case at bar is not such a policy. It was written for a definite term of twelve months, subject to renewal if both parties agreed to do so. In a life insurance policy and like indeterminate contracts, if it is desired to terminate the policy, it is necessary to give notice of cancellation. Clearly, no notice of cancellation was required after the policy in the case at bar had expired. The con-

tention that such notice of cancellation was necessary after expiration is without merit. If the respondent desired to cancel the policy prior to its expiration, of course it would then have been required to give to the policy holder notice of cancellation. In such event, the insurer would be required to return to the insured the unearned portion of the premium actually paid by the insured.

It was not, as argued by appellant, the duty of the company to automatically renew the policy and deduct from the compensation due the insured sufficient to pay the premium. In the first place, no request was made by the appellant that that be done, and it further appears that it would be in violation of Rem. Rev. Stat., § 7236 [P. C. § 3131-2b], to do so. So far as pertinent, that section reads as follows:

"No such policy shall be so issued or delivered which contains any provision . . . (3) providing for the deduction of any premium from the amount paid in settlement of claim; . . . unless such provisions which are hereby designated as optional standard provisions, shall be in the words and in the order in which they are hereinafter set forth, but the insurer may at its option omit from the policy any such optional standard provision. . . .

"18. Upon the payment of claim hereunder any premium then due and unpaid or covered by any note or written order may be deducted therefrom."

The twelve-month contract terminated when the insured failed to pay the premium of $34 due October 23, 1934. Respondent was under no duty to the insured to apply the proceeds of disability benefits which respondent owed to the insured to the payment of the premium falling due October 23, 1934. A contract such as the insured had with respondent is not one for the application of the principle that funds in the hands of the insurer belonging to the insured must

be applied to the payment of premiums to prevent a forfeiture of the contract. There is no provision in the contract, nor is there any statutory provision, imposing upon respondent the duty to apply a sufficient amount of the disability benefits due the insured to the payment of the accrued premium to continue the policy in force. The contract shows upon its face that Charles C. Perkins was protected from October 23, 1933, to October 23, 1934, and that thereafter only in the event he paid his premium in advance and same was accepted by the insurer could the policy be kept in force and effect.

In *Guaranty Old Line Ins. Co. v. Winstead,* 91 S. W. (2d) (Tex. Civ. App.) 1164, it was held that, under a month to month accident and health policy in which the only premium waiver provision was in case of total permanent disability, where the insured had a claim for health benefits and did not thereafter make premium payment, the policy lapsed for nonpayment after a period of grace and did not cover subsequent illness of the insured, notwithstanding at the time of the subsequent illness the insurer owed the insured on the prior claim enough to pay accrued premiums. That is an apposite case, and the language as follows therein is applicable in the case at bar:

"This is no incontestable policy of insurance, and even if the insured, after suffering his first illness, had tendered the premium due February 6, 1934, to the insurer, it could have declined to accept the premium and the policy would not have been continued in force. If this is true, and undoubtedly it is, how can it be successfully urged that the mere fact of the insurer being indebted to the insured for disability benefits when the last premium fell due, gives to the insured the absolute right to force the insurer to continue the contract of insurance in force by applying the accrued disability benefits toward the payment of the then due premium and against its will and wish? We do not believe that

such a contract can be forced upon any party unwilling to engage therein.''

It is clear that the judgment should be, and it is, affirmed.

BLAKE, MAIN, STEINERT, and GERAGHTY, JJ., concur.