17253

DOLLYE M. CHASTAIN, Appellant, v. UNITED INSURANCE COMPANY, Respondent

(96 S. E. (2d) 464)

*W. Harper Welborn, Esq.,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver & Freeman,* of Anderson, *for Respondent,*

January 30, 1957.

Moss, Justice.

The respondent, United Insurance Company, on January 17, 1955, issued its "Hospital and Residence Industrial Policy" to Dollye Chastain, the appellant herein, which said policy provided for the payment of certain weekly and hospital benefits for loss of time on account of sickness contracted during the term of the policy.

The appellant instituted this action on May 19, 1955, alleging that at the time of the issuance of the policy she was

in good health, and that during February 1955, she became ill and was hospitalized in the Anderson Memorial Hospital from February 26, 1955 through March 6, 1955, there receiving surgical treatment. She also alleges that she filed certain claims for benefits due her under the said policy, and that the respondent refused to honor or pay said claims and wrongfully, unlawfully and fraudulently lapsed her said policy, all of which comprised a scheme and device to lapse said policy which was a valuable property right and to avoid the payment of sick benefits provided under the policy.

The respondent admitted the issuance of the said policy but exercised its option under the terms thereof not to renew the same. It was alleged that the illness of the appellant was not on account of any sickness contracted during the term of the policy as provided in the insuring clause thereof.

At the close of all of the testimony, upon motion of the respondent, Judge Pruitt granted a nonsuit on the ground that no other reasonable conclusion could be reached than that the appellant's condition existed prior to the issuance of the policy, and therefore, not covered under the terms of the policy. The case is before this Court on exceptions challenging the correctness of the ruling of Judge Pruitt. The appellant contends that there was sufficient evidence to go to the jury upon the question as to whether or not she suffered preexisting illness and was not in sound health at the time of the issuance of the policy; and the court below erred in refusing to allow testimony with reference to the issuance of other policies by the respondent and of the circumstances relating thereto. In connection with these questions there is the additional question of whether the respondent had the legal right to refuse to renew the policy at any premium paying date.

We first consider the question of whether the respondent had the legal right to terminate the policy by declining to accept renewal premiums. The answer to this question depends upon the terms of the policy.

A review of the policy shows that on the outside thereof and on page 1, there is printed in big, bold, black type, the following:

"This policy provides benefits for loss of life, limb, sight or time by accidental means, for loss of time by sickness, and other specified benefits, as herein limited and provided, and is renewable at the option of the company only.

Under "Special Provisions" there is provided in part 12, section D:

"The acceptance of any renewal premium shall be optional with the Company."

Section J provides:

"The term of the policy begins at 12:00 o'clock noon, Standard Time, at the place the Insured resides on the date of issue and ends at 12:00 o'clock noon, Standard time, on the date any renewal premium is due, except as it may be continued in force by reason of the grace period."

It appears to us that there is no ambiguity in the provisions of this insurance contract with reference to renewal. It is specific that renewal is optional with the insurer.

In the case of *Inman v. Life Insurance Co. of Virginia,* 223 S. C. 98, 74 S. E. (2d) 423, 424, this Court adopted the Order of the Circuit Judge, thereby approving the following rule, which is here applicable:

"However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary, and popular sense. *Bolen v. Capital Life & Health Insurance Co.,* 208 S. C., 345, 38 S. E. (2d) 79. And it is said in *Newell & Co. v. American Mutual Liability Insurance Co.,* 199 S. C. 325, 19 S. E. (2d) 463, 466, that 'If the intention of the parties is clear, the courts have no authority to change the contract in any particular. The Court has no power to in-

terpolate into the agreement between an insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. * * * The rule of strict construction against the insurer does not apply where the language used in the policy is so plain and unambiguous as to leave no room for construction. * * * Nor does the rule of strict construction authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to re-write or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous. It is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none was intended'."

It must be borne in mind that we are here dealing with a divisible insurance contract and not a continuous contract of insurance for life subject to forfeiture for nonpayment of premiums. The policy in question is for a definite and fixed term. It can correctly be denominated a term policy. It could not be renewed or continued without the consent of both parties. When the insurer refused to consent to a renewal of the contract, it was acting within the reserved rights under the policy. Having so acted the insured cannot complain. It should be stated that the insured was not bound to pay the premium or to renew the policy. Therefore, the Insurance Company was within its rights to refuse to accept renewal premium and again put into force and effect the insurance contract between the parties.

In the case of *Hodge v. National Fidelity Ins. Co.,* 221 S. C. 33, 68 S. E. (2d) 636, 638, in an Opinion by Mr. Justice Oxner, he had this to say:

"We think the pivotal question in this case is whether there was a valid contract for the renewal of the policy. As in the case of contracts generally, it is essential to the crea-

tion of a contract of insurance that there be an offer or proposal by one party and an acceptance by the other. Regardless of which party makes the offer or proposal, its acceptance by the other is necessary to the creation of the contract. *Hydrick v. Rhode Island Insurance Co.,* 131 S. C. 8, 127 S. E. 367; *Keller v. Provident Life & Accident Insurance Co.,* 213 S. C. 339, 49 S. E. (2d) 577; 44 C. J. S., Insurance, § 232. The acceptance of a proposal for insurance must be evidenced by some act that binds the party accepting. A mental resolution, that can be changed, is not sufficient. *Keller v. Provident Life & Accident Insurance Co., supra; Boone v. Standard Accident Insurance Co. of Detroit,* 192 Va. 672, 66 S. E. (2d) 530, 535.

"A renewal of a term policy is in effect a new contract of insurance and must have all the essentials of a valid contract. 'Thus a renewal cannot be effected or consummated without the mutual assent of the parties and a meeting of the minds of the parties on all the essentials of the contract, and a new consideration.' 44 C. J. S., Insurance, § 283, pp. 1126 and 1127."

A number of cases have been decided in other jurisdictions upholding the right of Insurance Companies, having a similar clause in their contracts of insurance, as is above quoted, to refuse renewal premiums on this class of term insurance. *Prescott v. Mutual Benefit Health & Accident Ass'n,* 133 Fla. 510, 183 So. 311, 119 A. L. R. 525. *Vicars v. Mutual Benefit Health & Accident Ass'n,* 259 Ky. 13, 81 S. W. (2d) 874. *Hall v. Provident Life & Accident Insurance Co.,* 48 Ga. App. 359, 172 S. E. 721. *Perkins v. Associated Indemnity Corp.,* 189 Wash. 8, 63 P. (2d) 499.

Recurring again to the insuring clause of the policy in question, we find that policy provided "against loss of time on account of sickness contracted during the term of the policy." It is thus seen that if the sickness resulted from a disease which was pre-existing at the time of the issuance of the policy, no liability attaches under the terms of the insurance contract.

It appears from the testimony of Dr. Herbert A. Harris, a witness for the appellant, that on March 1, 1955, which was approximately a month and a half after the issuance of the policy in question, that he operated on the appellant and removed the remaining part of her left breast, along with the glands under the arm, and removed all of her right breast. He testified that the appellant was suffering from a cancer and that it had been coming on for four years. He testified also that he first operated on the appellant on October 10, 1951, removing at that time a portion of her left breast, which was not malignant, and then four years later the tumor started to appear in the breast and he took them both out and also the kernels under her arms. He also testified that the tumor that he "took her breast off for" was bound to have been there six or eight months prior to the operation. The surgeon's testimony is definite and certain and no other conclusion can be reached therefrom other than the appellant had the pre-existing disease of cancer, which necessitated an operation after the issuance of the policy in question.

We think the conclusion of the Circuit Judge that the evidence was susceptible of only the one reasonable inference that the appellant had cancer prior to the delivery of the policy in question is correct. Since the policy contract insured against loss of time on account of sickness contracted during the term of the policy, and the sickness here involved not having been contracted during the term of the policy, appellant was not entitled to any benefits therefrom.

Since there was only one reasonable inference that could be deduced from the evidence, it became a question of law for the court. It was proper therefore, for the trial Judge to grant a nonsuit. *Nalley v. Metropolitan Life Insurance Co.,* 178 S. C. 183, 182 S. E. 301. *Turner v. American Motorist Ins. Co.,* 176 S. C. 260, 180 S. E. 55.

We quote again from the case of *Inman v. Life Insurance Co. of Virginia, supra,* where Judge Henderson, whose Order was adopted as the opinion of this Court, said:

"In the present case it seems to me that the provision of the policy here in question is perfectly clear and unambiguous. It states that the company insures against sickness or disease which first manifests itself at least ninety days after the policy date and does involve a surgical operation. Here the sickness or disease, duodenal ulcer, first manifested itself within ninety days after the policy date, and did involve a surgical operation. It appears, therefore, that there is no ambiguity and no room for construction."

In the recent case of *Ellis v. Capital Life & Health Ins. Co.,* 229 S. C. 388, 93 S. E. (2d) 118, 122, where the policy provided that no obligation would be assumed by the Company unless on date policy was delivered, the insured was alive and in sound health, and death of the insured resulted from a disease already contracted and active at the time of the delivery of the policy, the insurer was not liable thereunder. Mr. Justice Legge, speaking for this Court, said:

"An insurer has the right so to contract against liability resulting from preexisting disease; and in such case if, as here, the only reasonable inference from the evidence is that the death of the insured resulted from diseases already contracted and active at the time of the date and delivery of the policy, nonliability follows as a matter of law. *Cf. Nalley v. Metropolitan Life Insurance Co.,* 178 S. C. 183, 182 S. E. 301."

There is no showing that the respondent owed the appellant any amount under the terms of the policy here in question. The respondent admits that some claims had been filed by the appellant but such claims were never offered in evidence. It cannot, therefore, be said that the claims as filed were covered by the insuring clause of the policy. If, however, such claims were based upon the sickness or illness testified to by Dr. Herbert A. Harris, then no liability of the Company arose because such sickness was not contracted during the term of the policy.

The appellant complains that the trial Judge erred in refusing to allow testimony with reference to the issuance of other insurance policies to the respondent. We can see no error in the ruling of the trial Judge. It must be remembered that ordinarily, the conduct of a trial, including the admission and rejection of testimony, is largely within the trial Judge's sound discretion, exercise of which will not be disturbed unless abuse of such discretion, commission of legal error in its exercise, and resulting prejudice to appellant's rights can be shown. *Fetner v. Aetna Life Insurance Co.,* 199 S. C. 79, 18 S. E. (2d) 521. If such testimony had been admitted, extraneous issues involving these policies would have been injected into the trial of this case.

All exceptions are overruled and the Order of nonsuit of the lower Court is affirmed.

STUKES, C. J., TAYLOR and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.