[No. 38963.   Department One.   July 27, 1967.]

HELEN R. TEBB, as *Executrix, Respondent*, v. CONTINENTAL
CASUALTY COMPANY, *Appellant.**

*Burkey, Marsico & Rovai*, by *Stanley J. Burkey*, for appellant.

*Gordon, Sager, Honeywell, Malanca & Peterson*, by *Richard J. Jensen*, for respondent.

BARNETT, J.†—This suit involves a claim for the proceeds of an accident and health insurance policy. The insured, Neal A. Tebb, died as a result of an accident and his wife, as executrix of his estate, claimed the proceeds of the pol-

*Reported in 430 P.2d 597.

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

icy. The defendant insurer refused to pay. Mrs. Tebb filed suit and the defendant admitted all material allegations in its answer, but set up the affirmative defense that a premium had not been paid and the policy lapsed. Summary judgment was granted in favor of Mrs. Tebb.

There is no factual dispute involved in this case. Beginning April 29, 1942, Neal A. Tebb paid premiums for insurance coverage and had coverage under the policy through September 1, 1964. The premiums were due on a quarterly basis, on the first day of March, June, September and December. These due dates are different than stated in the policy as they had been changed by agreement of the parties subsequent to commencement of the insurance coverage.

There is no grace period provision in the policy.

The insurance premium was paid for the quarter beginning June 1, 1964, but no payment was made on or before September 1, 1964. Neal A. Tebb died September 7, 1964. The premium for the quarter beginning September 1, 1964, never has been paid or tendered. In the summary judgment the plaintiff was awarded the $5,000 face amount of the policy less the quarterly premium due at the date of Neal Tebb's death.

The policy has the following provisions on renewal and default in premium payments.

> This policy is dated and takes effect on the 29TH day of APRIL, 1942 and continues in effect until the first day of AUGUST, 1942; it may be renewed with the consent of the Company for further consecutive QUARTERLY periods by the payment in advance of renewal premium. Each such renewal shall continue this policy in force until the first day of the calendar month next succeeding that for which premium has been paid. The Company's acceptance of premium shall constitute its consent to renewal. All periods of insurance shall begin and end at twelve o'clock noon, Standard Time, at the residence of the Insured.

> .  .  .  .

> If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly author-

ized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance.

In 1951 the Washington legislature passed a law requiring a grace period in disability insurance policies, Laws of 1951, ch. 229, § 7, p. 708. The statute reads in part:

48.20.062 Standard provision No. 3—Grace period. There shall be a provision as follows:

GRACE PERIOD: A grace period of ................ (insert a number not less than "7" for weekly premium policies, "10" for monthly premium policies, and "31" for all other policies) days will be granted for the payment of each premium falling due after the first premium, during which grace period the policy shall continue in force.

This statute became effective as of September 1, 1951. RCW 48.20.322.

The defendant argues that this term insurance covering Neal A. Tebb lapsed for nonpayment of the premium. The argument continues with the contention that coverage cannot be rehabilitated by the statutory grace period, RCW 48.20.062. The basis of this contention is that said policy is a continuous contract. In other words, there is no new contract upon the payment of each renewal premium, therefore, concludes the defendant, the statutory grace period could not be incorporated into the policy. Defendant's last contention, based upon the proposition that the contract is continuous, is that to apply the statutory grace period to this insurance policy would violate constitutional provisions prohibiting the passage of laws impairing the obligations of contracts.

■ These contentions can be resolved by answering a single question. Under the provisions of this policy does the acceptance of a renewal premium by the defendant effectuate a new contract between the parties or does the acceptance merely extend the old policy? If a new contract is entered into the grace period provided by statute is incorporated therein. RCW 48.18.510. If it is a continuous contract the statutory grace period is not applicable.

The policy in question gives the defendant the option to accept or reject any renewal premium so there is no automatic continuation of the policy by payment of premiums. The insurer had the right to exercise its discretion in granting a renewal of the policy. In the words of the policy, "it [the policy] may be renewed with the consent of the Company . . . . "

In *Standard Cas. Co. v. Boyd*, 75 S.D. 617, 622, 71 N.W.2d 450 (1955), the issue was whether or not a renewal of an insurance policy had been completed. The court stated: "A renewal of a term policy is in effect a new contract of insurance and must have all the essentials of a valid contract." In 13 Appleman, Insurance Law and Practice, § 7648 (1943) at 419 it is stated:

A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract, unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. (Footnotes omitted.)

The defendant argues that the policy, read as a whole, indicates the parties intended for it to be a continuous contract. Defendant adverts to several of the policy's provisions as indicative of such intention. One, for example, is that the policy must be in continuous force for 6 months for coverage of tuberculosis or heart trouble. The defendant cites *Hudson v. Reserve Life Ins. Co.*, 245 S.C. 615, 141 S.E.2d 926 (1965), as authority for this proposition. In the *Hudson* case the question was whether or not a statute limiting certain defenses to claims for insurance proceeds would apply to an accident and health policy issued before the effective date of the statute. The policy was issued for an initial term of 2 months and renewable only at the option of the insurer. The court held that a continuous contract was contemplated by the parties and that the statutory provision would not be incorporated into the policy.

We do not elect to follow *Hudson, supra*. In *Perkins v. Associated Indem. Corp.*, 189 Wash. 8, 63 P.2d 499 (1936), we held an accident policy issued for a year with the option to renew from term to term with the consent of

the insurer was a term policy, not a continuous one. In the instant insurance contract the defendant has the express right to accept or reject the offered renewal premium. This renewal, subject to the defendant's consent, is, in our opinion, the conclusive indication that the parties intended a new contract would be created upon the acceptance of the renewal premium. The fact that several clauses of the policy require coverage to be continuously in force for periods longer than the 4 month term purchased by each renewal premium does not mitigate against our conclusion. Those provisions allowing certain benefits after the policy has been in force for periods in excess of the quarterly period do not overcome the expression of intent in the clause giving the insurer a right to accept or reject the renewal premium. Obviously, if insured and insurer continue the relationship for longer than the required periods of continuous coverage, the insured would be entitled to the benefits of this coverage.

We conclude that the facts of this case indicate that upon each renewal a new contract is formed, hence, the statutory grace period was incorporated into the contract upon the acceptance of the renewal premiums. Other courts have also come to the same conclusion. In *Thieme v. Union Labor Life Ins. Co.,* 12 Ill. App. 2d 110, 115, 138 N.E.2d 857 (1956), the court stated:

> It is clearly the law in this State that a contract of annually renewable insurance forms a new contract at each renewal for the purpose of incorporating into the contract the statutory provisions enacted after the creation of the original contract relationship. Dickirson v. Pacific Mutual Life Ins. Co., 319 Ill. 311 (1926). See also Klinke v. Great Northern Life Ins. Co., 318 Ill. App. 43 (Fourth Dist.—1943).

In *Taylor v. American Nat'l Ins. Co.,* 264 Minn. 21, 24-25, 117 N.W.2d 408 (1962), the Minnesota court was faced with the same problem presented by the instant appeal. The court said:

> The policies were renewable only at defendant's [insurer] option when L. 1957, c. 489, became law. It is

clear that the parties were making a new contract upon defendant's acceptance of the premiums due April 22, 1957, and we must agree with plaintiff's contention that the statutory law in force and effect at the time became part of the contract as though expressly written therein . . . .

. . . .

On each reinstatement or renewal of the policies, any statutes or amendments pertaining to such policies and enacted after their issuance are incorporated into the new policies. We therefore conclude that the insured was entitled to the 31-day grace period and that the statute is operative as to him.

The trial court was correct in granting the summary judgment. The judgment is affirmed.

DONWORTH, WEAVER, HUNTER, and HALE, JJ., concur.