DOWNEY, Chief Judge.
Appellants, husband and wife, own separate automobile liability insurance policies issued by appellee which provide uninsured motorist coverage with $15,000/$30,000 limits of liability. The wife was involved in an *456 automobile accident with James McKinney who was also insured with liability limits of $15,000/$30,000. Appellants settled with McKinney for $9,000 due to the numerous other claims against McKinney arising out of the accident in question. Appellants then sought further recovery against appel-lee under the underinsured motorist coverage contained in their two policies. When appellee refused to stack coverage on both policies this suit ensued.
Appellee moved to dismiss appellant’s complaint on the grounds that, in seeking to recover for an accident which occurred October 9, 1976, appellants were precluded by Section 627.4132, Florida Statutes (1976) from stacking the uninsured motorist coverage of the two policies. The trial court granted said motion and dismissed the complaint with prejudice.
The trial court did not have the benefit of the decision in Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla.1978), wherein the Supreme Court restricted the application of Section 627.4132, Florida Statutes (1976) to insurance contracts entered into after October 1, 1976, the effective date of the statute. It appears the policies in question were issued prior to October 1, 1976, although the pleadings are not clear on that point. We simply hold here, in accordance with Dewberry, if the policies in question were issued prior to October 1, 1976, Section 627.4132, Florida Statutes (1976) is not applicable.
Accordingly, we reverse the order dismissing the complaint with prejudice and remand the cause with directions to allow the appellants to amend their complaint to allege the effective dates of the insurance contracts in question, and for such other amendments as may be appropriate.
REVERSED AND REMANDED with directions.
ANSTEAD, J., and WARREN, LAMAR (Retired), Associate Judge, concur.