430 So.2d 999 (1983)
Robert M. MAY, As Father and Natural Guardian of Scott May, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Appellee.
No. 82-1246.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
*1000 Larry M. Mesches of Altman, Colin & Friedland, Lake Worth, for appellant.
Frank W. Weathers of Weathers & Seaman, Lantana, for appellee.
ANSTEAD, Judge.
This is an appeal from a final order denying Robert M. May the right to stack uninsured motorist coverage provided in multiple policies of automobile liability insurance issued prior to October 1, 1976, the effective date of a state statute barring such stacking. We affirm.
The facts are not in dispute. On May 2, 1980, May's minor child was injured in an automobile accident. The tortfeasor, in whose vehicle the child was riding, paid $10,000, the limit of his own automobile liability insurance coverage, as partial compensation for the child's damages. At the time, May had five separate automobile liability policies with State Farm Mutual Automobile Insurance Company (State Farm), all with uninsured motorist coverage. All of the policies contained a prohibition against stacking and limiting State Farm's uninsured/underinsured liability to the highest limits provided among all of the policies issued.
One of May's five policies was issued on November 26, 1973, and a second on May 8, 1976. Each of these policies carried $15,000 in uninsured motorist coverage. Both had been continuously renewed, without modification, every six months until the date of the accident. May sought to aggregate coverage on these two policies with a third policy issued after October 1, 1976, the effective date of section 627.4132, Florida Statutes, the anti-stacking statute.[1] After a non-jury trial the trial court held that section 627.4132 was incorporated into each of the contracts of insurance at renewal time and stacking was, therefore, precluded.
Both parties rely for support on the case of Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978). In Dewberry, the Florida Supreme Court ruled that the anti-stacking statute could not be applied retroactively to diminish the value of an insurance contract that was renewed prior to the effective date of the statute. Dewberry's policy was renewed on August 3, 1976, prior to the October 1, 1976, effective date of section 627.4132. His two sons died in an automobile accident on December 11, 1976. The Dewberry decision rested on the dual propositions that Dewberry had paid for the right to stack at the time of renewal and could not legally be charged with notice of the anti-stacking statute prior to its effective date. This court followed Dewberry *1001 in Bunch v. Hartford Accident & Indemnity Co., 370 So.2d 455 (Fla. 4th DCA 1979), a case involving similar facts.
May's case is distinguishable from Dewberry and Bunch because all of May's policies were renewed after the effective date of the statute. By implication, the Dewberry case suggests that such policies are controlled by the anti-stacking statute absent some express agreement by the parties to the contrary. Under Dewberry, the critical issue is that of notice to the insured, "[T]he insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract." 13A Appleman, Insurance Law & Practice § 7648 at 452-53 (1976). In Tebb v. Continental Casualty Co., 71 Wash.2d 710, 430 P.2d 597 (Wash. 1967), the policy specified that any renewal was subject to new statutory provisions. In Thieme v. Union Labor Life Insurance Co., 12 Ill. App.2d 110, 138 N.E.2d 857 at 860 (1956), the court declared, "It is the law in this state that a contract of annually renewable insurance forms a new contract at each renewal for the purpose of incorporating into the contract the statutory provisions enacted after the creation of the original contract relationship." In our view, Dewberry reaffirmed this same proposition as the law of Florida:
Today, we reaffirm this general rule and find that appellant was placed on notice of the effectiveness of section 627.4132, Florida Statutes (Supp. 1976), only as of October 1, 1976.
363 So.2d at 1080.
May was on notice that he could recover on just one of his policies of uninsured motorist coverage not only by virtue of the effective date of the anti-stacking statute, but also by the express provisions of the policies themselves. Under such circumstances we believe he is precluded from claiming that the statute somehow interfered with his contractual relations with State Farm. We are not faced with a situation where the insured has demonstrated that he has paid an additional premium for the right to stack. Nor are we faced with a situation where the contract provides for stacking and the statute provides to the contrary.
Accordingly, we approve and affirm the decision of the trial court.
HERSEY and HURLEY, JJ., concur.
NOTES
[1] Section 627.4132, Florida Statutes (Supp. 1976), reads:

Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.