**Oliver M. OATES, Jr.**

v.

**The EQUITABLE ASSURANCE SOCIETY OF THE UNITED STATES.**

**Civ. A. No. E87–0084(L).**

United States District Court,
S.D. Mississippi, E.D.

Nov. 28, 1988.

Crymes G. Pittman, Cothern & Pitman, Jackson, Miss., for plaintiff.

Rebecca Wiggs, Thomas M. Murphree, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant, The Equitable Assurance Society of the United States (Equitable), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, Oliver M. Oates, Jr., responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

On January 28, 1968, Equitable issued to plaintiff a "lifetime major medical policy" of insurance. This lawsuit involves two separate claims made by Mr. Oates, the insured, during a period of time in which plaintiff was covered under the Equitable policy as well as three other health insurance policies, with Golden Rule Insurance, Vulcan Life Insurance and Celtic Life/Horizon Insurance, respectively. When Mr. Oates submitted claims for benefits under the Equitable policy of insurance in 1986 and 1987, Equitable, while agreeing that his claims were for "covered charges" as defined in the policy, refused to pay the claims based on the policy's variable deductible provision. That provision essentially rendered the policy one for excess coverage beyond payments made by other carriers on the same claim since it provided for a variable deductible of (1) $750, the basic deductible, or (2) the amount of benefits provided for covered charges under other medical expense coverage, whichever is greater. As to both of Mr. Oates' claims, Equitable determined that payment from his other carriers exceeded his claimed expenses so that his claim was less than the deductible under the Equitable policy. Accordingly, the company concluded that no benefits were payable.[1] The issue to be decided on this motion is whether, under the facts presented, the variable deductible provision of the Equitable policy is effective as a valid policy provision and, if so, whether the provision may be properly utilized by the carrier as the basis for denial of benefits.

Under current Mississippi law, the legal viability of a variable deductible provision in insurance policies is governed by Regulation 84–102 of the Mississippi Department of Insurance which provides in pertinent part as follows:

> No insurer doing business within the State of Mississippi shall pro-rate or limit accident and health benefits or integrate benefits through the use of a variable deductible to a policy-owner by reason of his or her ownership or coverage under other accident and health insurance policies with other insurers in instances where such policies are:
>
> (1) individually underwritten and issued, and
>
> (2) provide daily indemnity benefits for hospital confinement resulting from accident or sickness without regard to expenses incurred, or,
>
> (3) provide benefits for specified diseases only, or
>
> (4) provide benefits for limited occurrences such as confinement in an Intensive Care of Coronary Care Unit of a hospital, first aid out-patient medical expenses resulting from accidents, or specified accidents such as travel accidents, which,
>
> (5) are made available to the general public on an individual basis, and
>
> (6) may be obtained and maintained in force by the policyholder regardless of his or her membership or connection with any particular association or organization, and
>
> (7) regardless of the manner in which premiums therefor are paid.

Both Mr. Oates and Equitable agree that regulation 84–102 has no application to the Equitable policy at issue in the case at bar

---

1. On February 26, 1986, Mr. Oates submitted a claim for $7567.25 to Equitable. According to Equitable, it determined that plaintiff had already received $11,574.00 from his other insurers on that claim. Similarly, in 1987, according to the Equitable's calculations, Mr. Oates' other insurers had paid $46,119.29 on his claim for $39,756.22.

since the regulation did not become effective until 1984, many years after issuance of the policy. They disagree, however, as to whether, at the time the Equitable policy was actually issued to Mr. Oates, the variable deductible provision was legally effective.

The policy in question was issued on January 28, 1968. Prior to that time, on April 23, 1983, the then Commissioner for the Mississippi Department of Insurance, Walter Dell Davis, had issued an "opinion" that

> any provision pro-rating or limiting benefits to the policy holder by reason of other policies with other companies is contrary to the provisions of Sections 5687–01/12, Mississippi Code of 1942, Recompiled.

The opinion also recited the concurrence of the State Attorney General in the department's position. Not until many years after issuance of Equitable's policy to Mr. Oates did the Department of Insurance promulgate a regulation concerning the use of a variable deductible; on March 8, 1978, the Department issued a regulation prohibiting the use of variable deductibles in certain described instances.[2] Ultimately, Regulation 84–102, *supra*, superceded the 1978 regulation.

■ Plaintiff asserts that the variable deductible policy language relied on by Equitable in refusing to pay benefits is invalid and unenforceable since at the time the policy was issued, that provision was contrary and repugnant to Mississippi law as established by the 1963 opinion of the Insurance Department which was concurred in by the Mississippi Attorney General. Plaintiff's argument may be stated thusly: A rule or regulation such as the April 23, 1963 opinion of the Insurance Commissioner has the force of law and since the state of the law at the time of the issuance of a policy of insurance is controlling, the provi-

sion in Equitable's policy issued in 1968 was contrary to Mississippi law and accordingly was excluded from and written out of Equitable's policy. This argument, however, proceeds from a false and inaccurate premise. That is, a review of the 1963 opinion of the Insurance Commissioner demonstrates that it is in fact an opinion and nothing more. It is neither a regulation nor a statute and thus did not have the force of law. *See Frazier v. Lowndes County Board of Education,* 710 F.2d 1097, 1100 (5th Cir.1983); *Local Union No. 845 v. Lee County Board of Supervisors,* 369 So.2d 497, 498 (Miss.1979). Thus, under the state of the law at the time the policy was issued, there was no regulation in effect prohibiting or limiting the use of variable deductibles. Accordingly, Equitable's inclusion of a variable deductible provision within its policy was viable, presumably without restriction, at the time of issuance of the policy. A question arises, though, as to whether the subsequent limitations contained in Regulation 84–102 on the use of variable deductibles apply to the Oates policy.

It is generally the rule that statutes operate prospectively and should not be construed as having a retroactive effect on the provisions of an existing contract of insurance unless the statute clearly evinces a legislative intent that it should apply retroactively. 1 G. Couch, *Cyclopedia of Insurance Law* § 13:15, at 840–41 (2d ed. 1984). This rule encompasses the regulation at issue in the case *sub judice*, Regulation 84–102, the terms of which disclose no intent that it be applied retroactively. In a similar vein, it has been recognized that

> [s]tatutes subsequently enacted ordinarily do not affect contractual rights, whether the concern be with policies of personal, property, or liability insurance, or bonds; however, where an existing policy is renewed, although the results

---

**2.** Like Regulation 84–102, the 1978 regulation prohibited insurers doing business within Mississippi from pro-rating or limiting accident and health insurance benefits by reason of a policyholder's other coverage where such policies were "(1) individually underwritten and issued, (2) or made available to the general public on an individual basis, (3) [could] be obtained and maintained in force by the policyholder regardless of his or her membership or connection with any particular association or organization, and (4) regardless of the manner in which premiums therefor are paid."

vary, the better rule is to regard the statute as applicable to the extended contract.

12 J. Appleman, *Insurance Law and Practice* § 7041, at 172–76 (1981).

■ Whether the renewal of a policy of insurance constitutes a new and independent contract or whether it is instead a continuation of the original contract "primarily depends upon the intention of the parties as ascertained from the instrument itself." 18 *Couch,* § 68:40, at 41. The Oates policy describes itself as a "lifetime major medical expense policy" which is "guaranteed renewable during the lifetime of the insured." The policy is maintained in force by the insured's payment of monthly premiums, the amount of which is subject to change "only if the same change is made applicable to all policies of [the] class [in which the policy belongs at the time of change]." In addition, the policy provides a three-year benefit period which commences upon the happening of an occurrence and which may be extended beyond three years in certain situations. Although the policy speaks in terms of "renewal" at the end of each "term of coverage" (here, successive one month terms) by payment of the premium amount due, it is clear that the parties contemplated one continuous contract of insurance and not separate successive contracts of one month each. In fact, in correspondence with Oates, Equitable consistently informed him that "your policy is guaranteed renewable; that is, we can never cancel it and you will always have medical coverage." Because the court is of the opinion that the monthly "renewal" of the Oates policy by payment of the monthly premium constituted merely a continuation of the original contract of the parties, the court concludes that statutes and regulations enacted after the original issuance date in 1963 and, specifically Regulation 84–102, do not apply to the Oates policy. This conclusion, coupled with the court's previous determination that the variable deductible provision in the policy was not repugnant to state law at the time of issuance, leads the court to the further conclusion that Equitable's denial of coverage based on that provision was not wrongful.[3] *See Moore v. Metropolitan Life Insurance Company,* 352 N.Y.S.2d 433, 33 N.Y.2d 304, 307 N.E.2d 554 (1973) (renewal by premium payment merely continued in force pre-existing policy where insured could not terminate group policy or change premium rate without consent of employer; statutes enacted subsequent to execution of original policy held inapplicable); *Hudson v. Reserve Life Insurance Company,* 245 S.C. 615, 141 S.E.2d 926 (1965) (where accident and health policy showed parties contemplated continuous insurance rather than successive independent contracts, newly enacted statute held inapplicable to previously issued policy though renewal premiums were paid and accepted after effective date); *cf. Coliseum House, Inc. v. Brock,* 442 So.2d 778 (La.Ct.App.1983) (where insured had no absolute right to insurance beyond one year, each subsequent renewal constituted separate contract even though no new policy was involved).[4]

Based on the foregoing the court is of the opinion and so finds that defendant's

---

**3.** It is somewhat ironic that Equitable's guarantees to its insured of lifetime medical coverage now lend support to the court's conclusion that the company may properly rely on a provision of the policy to deny coverage. However, it must be borne in mind that the parties to a contract of insurance are free to define the scope of coverage to be afforded subject only to the condition that the provisions of the policy do not contravene any statute or public policy of the state. And, since Mississippi law in effect on the date of issuance of the Oates policy did not prohibit the inclusion of a variable deductible such as that contained in the Oates policy, that provision is binding.

**4.** The court observes that even if regulation 84–102 were held by the court to apply, defendant would nevertheless be entitled to summary judgment. On its motion, defendant set forth its position that even if regulation 84–102 were controlling, that regulation only prohibits use of a variable deductible under circumstances not present here. In response to the motion, plaintiff failed to demonstrate that the variable deductible in his policy was within the exclusion contemplated by regulation 84–102. In fact, plaintiff's position on the issue was simply that "regulation 84–102 and its meaning is not the issue in this case." This assertion alone is insufficient to withstand defendant's motion.

motion for summary judgment is well taken and should be granted.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

ORDERED.