506 So.2d 410 (1987)
Alfred MARCHESANO, et Ux., Petitioners,
v.
NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO., Respondent.
No. 68397.
Supreme Court of Florida.
April 23, 1987.
*411 A.R. Mander, III of Greenfelder, Mander, Hanson, Murphy and Townsend, Dade City, for petitioners.
A.H. Lane and Donald G. Jacobsen of Lane, Trohn, Clarke, Bertrand and Williams, P.A., Lakeland, for respondent.
James F. McKenzie of McKenzie & Associates, P.A., Pensacola, for Academy of Florida Trial Lawyers, amicus curiae.
Peter J. Valeta, Duane C. Quaini and William T. Barker of Sonnenschein, Carlin, Nath and Rosenthal, Chicago, Ill., for Nat. Ass'n of Independent Insurers, amicus curiae.
McDONALD, Chief Justice.
The Second District Court of Appeal has certified the following question as one of great public importance:
WHEN THERE HAS BEEN A FAILURE OF AN INSURER TO FULFILL ITS STATUTORY DUTY TO OBTAIN FROM AN INSURED AT THE TIME OF THE PURCHASE OF A MOTOR VEHICLE INSURANCE POLICY A KNOWING REJECTION OF UNINSURED MOTORIST COVERAGE LIMITS HIGHER THAN THOSE SPECIFIED IN THE PURCHASED POLICY AND EQUAL TO THE POLICY'S BODILY INJURY LIABILITY LIMITS, WHAT IS THE EFFECT, IF ANY, OF A SUBSEQUENT NOTIFICATION SENT BY THE INSURER TO THE INSURED WITH A PREMIUM NOTICE ADVISING THE INSURED OF HIS OPTIONS AS TO UNINSURED MOTORIST COVERAGE AS REQUIRED BY SECTION 627.727(1), FLORIDA STATUTES (1982)?
Nationwide Property & Casualty Insurance Co. v. Marchesano, 482 So.2d 422, 427-28 (Fla. 2d DCA 1985) (emphasis in original, footnote omitted). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We rule that where an insurance company complies with the annual notice provision of section 627.727(1) an insured's failure to act upon that notice at the time of renewal constitutes an affirmative waiver of uninsured motorist coverage limits higher than those specified *412 in the purchased policy. Accordingly, we approve the decision of the district court.
On or about April 20, 1982 Alfred Marchesano purchased a Nationwide Property and Casualty Insurance Company (Nationwide) automobile liability insurance policy from the Starkey Insurance Agency. Section 627.727(2)(a), Florida Statutes (1982), requires insurance companies to make available to each purchaser of an automobile liability insurance policy uninsured motor vehicle coverage in an amount no less than $100,000 per person and $300,000 per accident.[*] At the time of the purchase, however, Starkey apparently failed to discuss uninsured motorist coverage with Marchesano, who allegedly signed the contract without reading it. The purchased policy provided for $100,000 per person and $300,000 per accident uninsured motorist coverage. Near the bottom of the insurance application, Marchesano signed an acknowledgment stating that "Uninsured Motorist Coverage has been explained to me and I understand I can purchase up to 100,000/300,000 limits." This language immediately preceded "I wish Uninsured Motorist Coverage with limits of $10,000/20,000 bodily injury." When Marchesano later received his policy in the mail, he read neither it nor the other information enclosed in the envelope. That information, among other things, informed Marchesano of his option to purchase uninsured motorist coverage in an amount up to his bodily injury coverage limits and of the fact that he had not exercised that option. On February 26, 1984 both Mr. and Mrs. Marchesano were involved in an automobile accident caused by an uninsured motorist. Mrs. Marchesano received severe injuries and Mr. Marchesano received lesser injuries.
Following the accident, the Marchesanos filed a claim with Nationwide for uninsured motorist benefits. Although Nationwide acknowledged that the Marchesanos had $100,000/$300,000 liability coverage, it contended that the Marchesanos' uninsured motorist coverage was limited to the $10,000/$20,000 limits reflected in the insurance policy. In response, the Marchesanos filed a complaint for declaratory relief, alleging that they did not knowingly reject uninsured motorist coverage equal to their $100,000/$300,000 liability policy limits. They later amended their complaint, alleging that Nationwide had failed to comply with the section 627.727(1) requirement of annually notifying insureds of their uninsured motorist coverage options. At trial, the jury returned a special verdict finding that Marchesano did not knowingly reject the higher uninsured motorist coverage limit when he purchased the insurance. The jury also found that Nationwide had given the Marchesanos subsequent statutory notification of those options. The trial court found Nationwide obligated to provide uninsured motorist coverage in the amount of $100,000 per person and $300,000 per accident. The district court reversed on appeal, holding that, despite the lack of a knowing rejection at the time of the original purchase, such a rejection occurred later as a result of the subsequent notification.
As a preliminary matter, the Marchesanos argue that the district court erred in considering the effect of the subsequent periodic notification made pursuant to section 627.727(1) because the issue was not raised at trial. We cannot agree. Count II of the Marchesanos' first amended complaint quoted section 627.727 and alleged that Nationwide had failed to comply therewith. Evidence concerning the mailed notices was presented at trial. Moreover, in its special verdict, the jury answered an interrogatory directly addressing the issue. Having raised and litigated the notice issue, the Marchesanos cannot now contend that the trial court never dealt with the question. Thus, we find the certified question to be ripe for review.
*413 Turning to the merits of the certified question, we agree with the second district that even if Marchesano did not knowingly reject the statutorily mandated uninsured motorist coverage at the time of the initial purchase, such a rejection subsequently occurred when the Marchesanos failed to act upon the form notification that Nationwide had enclosed with the premium notice. Section 627.727(1), Florida Statutes (1982), provides in pertinent part:
Each insurer shall at least annually notify the named insured of his options as to coverage required by this section. Such notice shall be part of the notice of premium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the department.
In its special verdict the jury specifically found that Nationwide notified the Marchesanos between April 26, 1983 and February 1984, as part of their notice of premium, of their uninsured motorist coverage options in a manner that provided a means for the Marchesanos to request such coverage and on a form approved by the Department of Insurance. Thus, as the trial court stated in its final judgment, the jury found that Nationwide had fully complied with all the requirements of section 627.727(1). This conclusion is supported by substantial competent evidence and, therefore, we will not disturb it. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla. 1977); Midstate Hauling Co. v. Fowler, 176 So.2d 87 (Fla. 1965); Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985).
The district court's extensive analysis concerning the legislature's apparent purpose in enacting the section 627.727(1) requirements set out above is also correct. Indeed, both legislative intent and logic support the conclusion that Nationwide's issuance of the section 627.727(1) notification, coupled with the Marchesanos' failure to act upon that notice, binds the Marchesanos to the uninsured motorist coverage set forth in the policy. The general rule in Florida is that upon each renewal of an insurance policy an entirely new and independent contract of insurance is created. Metropolitan Property & Liability Insurance Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984); May v. State Farm Mutual Automobile Insurance Co., 430 So.2d 999 (Fla. 4th DCA 1983). An insurance policy is normally renewed upon the payment of a new premium. Absent a notice to the contrary, the insured is entitled to assume that the terms of the renewed policy are the same as those of the original contract. May, 430 So.2d at 1001.
On the other hand, by including the uninsured motorist notice as part of the premium notice, Nationwide fulfilled its duty of informing the Marchesanos of the available coverage and offering that added coverage as part of the new insurance contract. Although such periodic notice will not act retroactively to cure an insurance company's failure to obtain a written rejection at the time the original policy is procured, when the insurance contract is renewed an insured has the responsibility to consider the information supplied to him with the premium notice. Once Nationwide fulfilled its statutory duty it could not reasonably be expected to do more. The Marchesanos must now take responsibility for their own failure to read and respond to the enclosed notices.
Accordingly, we rule that where the insurance company complies with the annual notice provision of section 627.727(1) the insured's failure to act upon that notice at the time of renewal constitutes an affirmative waiver of uninsured motorist coverage limits higher than those specified in the purchased policy. We therefore approve the decision of the district court.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J. (Ret.), dissents with an opinion.
ADKINS, Justice (Ret.), dissenting.
The issue of whether a knowing selection of uninsured motorist limits was made by the insured has been held by this Court to be an issue of fact for the jury. American Fire and Indemnity Co. v. Spaulding, 442 So.2d 206 *414 (Fla. 1983); Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla. 1982).
The majority opinion conflicts with this principal. In effect, this Court is holding that the uninsured's failure to act upon the notice of available coverage and offer of added coverage constitute a rejection as a matter of law. The jury found that respondent did not offer petitioners uninsured motorist coverage limits equal to the bodily injury liability limits and the trial court entered a judgment on this finding.
I would quash the decision of the District Court of Appeal and reinstate the judgment entered on the verdict.
NOTES
[*] § 627.727(2)(a), Fla. Stat. (1982), also requires insurance companies to make available to each purchaser of an automobile liability insurance policy uninsured motorist coverage equal to the limits of the bodily injury liability policy or such lower limits that comply with the company's rating plan where those limits exceed $100,000 per person and $300,000 per occurrence.