710 So.2d 76 (1998)
James C. GAINER, Trustee, Appellant,
v.
FIDDLESTICKS COUNTRY CLUB, INC., Appellee.
No. 97-01476.
District Court of Appeal of Florida, Second District.
April 1, 1998.
*77 Ann Poe Angel, Fort Myers, for Appellant.
Michael R. Whitt of Becker & Poliakoff, P.A., Fort Myers, for Appellee.
ALTENBERND, Judge.
James C. Gainer, as trustee, appeals a final summary judgment foreclosing a claim of lien against property in the Fiddlesticks Country Club Subdivision (Fiddlesticks). Fiddlesticks Country Club, Inc. (the homeowners' association), claimed a lien because Mr. Gainer refused to pay for a membership in the country club, as required by the relevant declaration of covenants. We reverse because the trial court improperly applied section 617.312, Florida Statutes (1995), to a tax deed that was issued prior to the effective date of that statute.
Fiddlesticks is a residential development, including golf courses. In 1982, the developer recorded a declaration that contained a covenant requiring all lot owners to buy memberships in the country club. Cf. § 617.301(4), Fla. Stat. (1997) (defining "declaration of covenants"). On November 7, 1994, Mr. Gainer purchased a tax deed for a lot in Fiddlesticks. Thereafter, the homeowners' association demanded that Mr. Gainer buy a membership in the country club, and filed a claim of lien when no membership was purchased.
In the trial court, Mr. Gainer argued that, pursuant to section 197.573, Florida Statutes (1993), the covenant did not survive the tax sale. Section 197.573 has long provided that a covenant does not survive a tax sale if it requires "the grantee to expend money for any purpose, except one that may require that the premises be kept in a sanitary or sightly condition or one to abate nuisances or undesirable conditions." § 197.573(2), Fla. Stat. (1993). There is no dispute that this covenant requires Mr. Gainer to expend money for a purpose that does not fall within the exceptions.
The homeowners' association argued that this case was controlled by section 617.312, which expressly provides that such covenants are enforceable after the issuance of a tax deed. The difficulty with this argument is that the statute was enacted in 1995, after the tax deed sale in this case. See ch. 95-274, § 62, Laws of Fla. The trial court interpreted section 197.573 in light of section 617.312, as the most recent legislative pronouncement, and entered a judgment of foreclosure on the claim of lien.
Section 617.312 did not exist when Mr. Gainer purchased the tax deed. There is no ambiguity in section 197.573 that is clarified by the subsequent enactment of section 617.312. Therefore, there is no authority allowing a retroactive application of section 617.312 to this case. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla. 1995); Landi v. Nationwide Mut. Fire Ins. Co., 529 So.2d 1170 (Fla. 2d DCA 1988). Accordingly, we reverse the final summary judgment, and remand for further proceedings.
Reversed and remanded.
THREADGILL, A.C.J., and YOUNG, ROBERT A., Associate Judge, concur.