710 So.2d 130 (1998)
UNITED STATES FIRE INSURANCE COMPANY, and Hartford Insurance Company of the Southeast, Appellants,
v.
SOUTHERN SECURITY LIFE INSURANCE COMPANY, et al., Appellees.
Nos. 97-1446, 97-1485.
District Court of Appeal of Florida, Fifth District.
April 17, 1998.
Robert E. Bonner of Meier, Lengauer, Bonner, Muszynski & Doyle, Orlando, for Appellant United States Fire Insurance Company.
*131 Randall M. Bolinger and Robert J. Egan of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellant Hartford Insurance Company of the Southeast.
Don B. Long, Jr., of Johnston, Barton, Proctor & Powell, LLP, Birmingham, AL, and W. Scott Gabrielson of Mateer & Harbert, P.A., Orlando, for Appellees.
GOSHORN, Judge.
This consolidated appeal requires the interpretation of the terms of several liability insurance contracts and presents three issues for our review. We find that only one issue merits discussion and affirm the summary judgments entered against Hartford Insurance Company of the Southeast and United States Fire Insurance Company in favor of their insured, Southern Security Life Insurance Company.
Hartford was the primary liability insurer for Southern from August 1, 1982 until August 1, 1991. The policies issued from August 1, 1982 to August 1, 1987 provided personal injury liability coverage to Southern. However, the 1987 and later policies excluded personal injury coverage by means of an endorsement to the policy.
Southern was sued by a former employee for libel and slander for statements made by Southern in 1990 and 1991. It is not disputed that libel and slander are classified as personal injury under the subject policies. Southern sought defense of the claims from Hartford, and Hartford declined to defend based on the 1987 policy change which removed personal injury coverage from the policy. After settling with its employee, Southern filed suit against Hartford to recoup its defense costs, alleging that the Hartford policy covered personal injury in 1990 and 1991 because Hartford had not notified Southern of the 1987 coverage exclusion as required by subsection 627.4133(1), Florida Statutes (1997), which provides in part:
(a) An insurer issuing a policy providing coverage for workers' compensation and employer's liability insurance, property, casualty, except mortgage guaranty, surety, or marine insurance ... shall give the named insured at least 45 days' advance written notice of nonrenewal or of the renewal premium. If the policy is not to be renewed, the written notice shall state the reason or reasons as to why the policy is not to be renewed....
* * * * * *
(b) An insurer issuing a policy providing coverage for property, casualty, except mortgage guaranty, surety, or marine insurance... shall give the named insured written notice of cancellation or termination other than nonrenewal at least 45 days prior to the effective date of the cancellation or termination, including in the written notice the reason or reasons for the cancellation or termination....
* * * * * *
(c) If an insurer fails to provide the 45-day... written notice required under this section, the coverage provided to the named insured shall remain in effect until 45 days after the notice is given or until the effective date of replacement coverage obtained by the named insured, whichever occurs first.
Hartford contends that section 627.4133 only requires notice to the insured when an entire policy is not renewed and not where, as here, only a portion of numerous coverages is deleted. The lower court rejected this argument and concluded that because Hartford did not notify Southern of the 1987 deletion of personal injury coverage, the coverage under Hartford's pre-1987 form policy continued until August 1, 1991, when Southern procured primary liability insurance from a different carrier. Accordingly, the lower court entered summary judgment against Hartford on the issue of its duty to defend, noting:
The purpose of the statute's notice requirement is to enable an insured to obtain coverage elsewhere before the insured is subjected to risk without protection. The 1987 Hartford policy, which deleted this coverage, was a non-renewal of the 1986 Hartford policy within the meaning of § 627.4133. Thus Hartford was required to *132 give Southern Security written notice of non-renewal by the statute.
In the Court's opinion, notice is required when, as here, coverage such as the libel and slander coverage provided by the 1986 Hartford Policy is eliminated by the insurer in the reissued policy.
We agree with the trial court that the 1987 policy was a "nonrenewal" of the 1986 policy which triggered the notice requirement of section 627.4133. A "nonrenewal" is a policy with material changes in terms and conditions from the prior policy. See Hartford Accident & Indem. Co. v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979) (noting "the widely accepted definition of a `renewal' insurance policy as one which `is based upon and subject to the same terms and conditions as were contained in the original policy'") (quoting 13A Appleman, Insurance Law and Practice § 7648 (1976)); see also Marchesano v. Nationwide Prop. & Cas. Ins. Co., 506 So.2d 410, 413 (Fla.1987) ("upon each renewal of an insurance policy an entirely new and independent contract of insurance is created"). Moreover, even though the 1987 and later policies which Hartford sent to Southern contained an endorsement which excluded personal injury coverage, this purported "notice" within the policy itself is insufficient to inform an insured of, as evidenced by this case, significant policy changes. See Marchesano, 506 So.2d at 413 ("Absent a notice to the contrary, the insured is entitled to assume that the terms of the renewed policy are the same as those of the original contract."). We reject Hartford's argument that the legislature intended only to require notice of cancellation of an entire policy of insurance as opposed to a change in coverage. The statute requires notice of nonrenewal, and the 1987 and later policies were clearly not renewals of the pre-1987 policy form which included personal injury coverage.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.