771 So.2d 1229 (2000)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,
v.
Erik VALDIVIA, Appellee.
No. 3D99-3053.
District Court of Appeal of Florida, Third District.
November 1, 2000.
Rehearing Denied December 13, 2000.
Kubicki Draper, and Angela C. Flowers, Miami, for appellant.
*1230 Stewart, Tilghman, Fox & Bianchi, and James Tilghman and Stuart N. Ratzan, Miami, for appellee.
Before SCHWARTZ, C.J., and SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
This is an appeal from a final summary judgment which determines that a policy of insurance issued by the appellant, St. Paul Fire and Marine Insurance Company, was in effect when appellee, Erik Valdivia, sustained his injuries. Although St. Paul failed to send the required statutory notice of nonrenewal pursuant to section 627.4133(1)(a), Florida Statutes (1995), the company's compliance was excused because the insured obtained replacement coverage with another carrier. Thus, we reverse the summary judgment entered in favor of Valdivia.
Valdivia was injured in a motor cross bicycle accident that occurred less than twenty-four hours after the St. Paul policy at issue in this case expired. He nevertheless sued St. Paul, alleging that the insurance policy was still in effect at the time of the crash because St. Paul had failed to comply with section 627.4133(1)(a), which section requires an insurer to give the named insured at least forty-five days' advance written notice of nonrenewal. St. Paul had insured Knight Bike Shop against liability arising out of the sale or assembly of bicycles. Valdivia filed this action against St. Paul pursuant to an assignment from Knight Bike Shop after he had unsuccessfully sued the bike shop for the allegedly negligent assembly of Valdivia's bike.[1]
The purpose of section 627.4133(1)(a) is to "enable an insured to obtain coverage elsewhere before the insured is subjected to risk without protection." United States Fire Ins. v. Southern Sec. Life Ins. Co., 710 So.2d 130, 131 (Fla. 5th DCA 1998). It is undisputed that St. Paul did not provide Knight Bike Shop the required forty-five days statutory notice of the nonrenewal of its policy. However, prior to the expiration of the St. Paul policy, the bike shop obtained coverage with Sphere Drake Insurance Company. The insured shop was thus protected by a replacement policy. Section 627.4133(1)(c) provides that, if an insurer fails to provide the required notice, the coverage remains in effect until forty-five days after the notice is given "or until the effective date of replacement coverage obtained by the named insured, whichever occurs first." (emphasis added). Here, St. Paul's coverage expired prior to Valdivia's accident because new coverage was obtained.
Valdivia argues that the replacement coverage obtained with Sphere Drake was not equivalent to the St. Paul coverage and thus could not serve to excuse the non-compliance with the statutory notice requirements. The St. Paul policy had insured for products/completed operations while the new policy excluded such coverage. We do not agree that the "replacement coverage" referred to in the statute requires that the insured obtain the exact same coverage as the non-renewed policy. Both the language and purpose of the statute were fulfilled when the bike shop decided to obtain the new insurance at a cheaper premium. See Blue Cross of Fla. Inc. v. Dysart, 340 So.2d 970 (Fla. 2d DCA 1976)(holding unsound plaintiff's argument that if the policy which plaintiff's employer obtained as replacement coverage did not provide him with as much coverage as the previous policy, then the previous insurer would somehow be liable for uncovered expenses).
*1231 Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The bike shop's new insurance carrier, Sphere Drake Insurance Company, denied coverage for Valdivia's accident and prevailed in a declaratory judgment action based on the issue. In connection with Valdivia's suit against Knight Bike Shop, the parties entered into a consent judgment assessing damages in the amount of $250,000.00, and the bike shop also assigned to Valdivia its rights against St. Paul. Thus, the present lawsuit.