771 So.2d 607 (2000)
Kris MILES & Babette Miles, Appellants,
v.
AAA INSURANCE COMPANY, Appellee.
No. 3D99-2231.
District Court of Appeal of Florida, Third District.
November 22, 2000.
*608 Robert J. Levine, and Suzan Jon Jacobs, Miami, for appellants.
Nicklaus, Hyatt & Pena, Coral Gables, and Steve Hyatt, and Timothy J. Ferguson, Naples and Timothy J. Kovac, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Insured homeowners, Kris and Babette Miles, appeal a final summary judgment in favor of their insurance agency, AAA Insurance Company, Inc., in a negligence action for failure to procure coverage case. We conclude that genuine issues of material fact remain in this case and, therefore, reverse the final summary judgment. In order to avoid error on remand, we also reverse two interlocutory orders entered by the trial court limiting the type and extent of evidence which may be presented by Mr. and Mrs. Miles at trial in support of their damages claim.
The Miles home was destroyed by Hurricane Andrew. Because it was over 50% demolished by the storm, the house would have to be totally torn down, raised above flood level, and rebuilt according to the current building code. When the amount of their policy limits with their insurer was determined not to be sufficient to complete the rebuilding job, Mr. and Mrs. Miles sued AAA, their insurance agency, contending that they had requested full replacement coverage when they obtained their homeowners' policy through AAA and they thought they had such coverage. Mr. and Mrs. Miles admitted during pretrial discovery that they had never read their entire policy prior to the hurricane. They also admitted that they did not read the terms of the policy renewal they received where the type of coverage they seek was listed as available for a minimal additional premium. They contended that they relied on AAA to provide that type of coverage from the time they first purchased the policy, and their failure to read the additional coverages section of the insurance policy booklet they periodically received from their insurer did not waive their right to seek the additional coverage through this lawsuit. The trial court, however, entered final summary judgment for AAA, which had argued that failure to read the policy and notice language issue precluded any recovery by Mr. and Mrs. Miles.
The final summary judgment is reversed, and the case is remanded for a trial on the merits because we conclude that in this negligence-based action, the failure of Mr. and Mrs. Miles to read their policy and the insurance policy booklet from their insurer goes to the issue of comparative negligence, raises genuine issues of material facts as to the reasonableness or unreasonableness of the Miles' actions, and does not completely preclude recovery. The cases primarily relied on *609 by AAA in seeking the summary judgment and on appeal, Marchesano v. Nationwide Property & Casualty Ins. Co., 506 So.2d 410 (Fla.1987); Hartford Ins. Co. of the Midwest v. Atkinson, 623 So.2d 549 (Fla. 2d DCA 1993), are distinguishable as they were breach of contract actions between the insured and the insurer involving both statutory and contract principles not involved in negligence actions against an insurance agency, as here.
The two pretrial evidentiary rulings raised on appeal are also reversed insofar as they are intended to apply to the claims by the Miles against AAA. At the trial on remand, Mr. and Mrs. Miles should be permitted to introduce evidence supporting their claim of "substantial damage" and the so-called "50% rule". Their pre-trial settlement with their flood insurer does not preclude them from claiming that they suffered as much or more damage from the perils covered by the homeowner's policy they obtained through AAA, and in no way supports a theory of judicial estoppel or fraud on the court. Cf. Williams v. Kloeppel, 537 So.2d 1033 (Fla. 1st DCA 1988); Kuge v. State, Dep't of Admin., Div. of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984). Finally, Mr. and Mrs. Miles should be permitted to present loss-of-use evidence relating to the entire period they were without use of the insured residence, not just for the period of time between the initial loss and their obtaining alternate housing pending the result of this lawsuit. They claim that they have been deprived of the use of the insured residence through the negligence of AAA, and they are entitled to claim the full amount of damages which were arguably proximately caused by that negligence. We agree. See Hamilton v. Walker Chem. & Exterminating Co., 233 So.2d 440 (Fla. 4th DCA 1970).
Reversed and remanded for further consistent proceedings.