COPE, J.
'This is an appeal from a summary judgment determining that there was no coverage under an insurance policy issued by St. Paul Fire & Marine Insurance Co. We affirm.
St. Paul issued a liability insurance policy to Knight Bike Shop, Inc. The 1995-96 policy was effective through 12:01 a.m. on October 11,1996.
As the time for renewal approached, St. Paul advised Knight that owing to a history of theft loss, the theft coverage would not be renewed. In addition, St. Paul advised Knight that there would be a significant premium increase.
Knight’s owner, Mr. Broadly, was angry about the rate increase and policy change. He contacted the LSC Insurance Agency and purchased replacement coverage with Sphere Drake Insurance Company. See St. Paul Fire & Marine Ins. Co. v. Valdivia, 771 So.2d 1229 (Fla. 3d DCA 2000).
On October 15, 1996, the local representative for St. Paul contacted Mr. Broadly to find out his intentions regarding the St. Paul policy. Mr. Broadly indicated that he did not accept the proposed renewal by St. Paul, and had obtained coverage from another insurer. Mr. Broadly requested that the policy be returned to St. Paul and wanted to be sure that there would not be a premium charge. The St. Paul representative returned the proposed insurance policy to St. Paul with directions to cancel it flat, that is, without any charge to Knight. See Black’s Law Dictionary 197 (7th ed.1999).
In the meantime St. Paul mailed Knight a notice of cancellation of the 1996-97 policy for nonpayment. The notice said, ‘Tour policy is cancelled as of 11-11-96 for non-payment of premium. If we receive your premium payment by 11-11-96 we will rescind this notice of cancellation.” Knight did not pay the requested premium; as already stated, Mr. Broadly had requested that the renewal policy be returned to St. Paul.
There had been an accident on October 11, 1996, involving a bicycle which Knight had assembled and sold. The customer, Erik Valdivia, had been injured. Although the Sphere Drake policy was in effect at the time of the accident, the policy did not contain completed operations coverage and thus did not provide coverage for the bicycle accident.
Valdivia sued Knight and Mr. Broadly for the injuries he sustained in the bicycle accident. They entered into a settlement whereby Knight and Broadly assigned the plaintiff whatever rights they had to insurance proceeds from St. Paul.* An earlier ruling determining coverage was reversed by this court. St. Paul Fire & Marine Insurance Co. v. Valdivia, 771 So.2d at 1230-31.
In subsequent proceedings, the plaintiff argued that the notice of cancellation for nonpayment quoted above had the effect of extending coverage by St. Paul for an additional month, through November 11, 1996. The trial court rejected this claim, finding no coverage, and this appeal follows.
In arguing that the notice of nonpayment had the effect of extending the St. Paul coverage for one month, the plaintiff relies on Reddick v. Globe Life and Acci *516 dent Ins. Co., 596 So.2d 485 (Fla.1992). That decision states, in part:
The granting of an extension of time for premium payments is entirely discretionary with the insurer, and the insurer may impose such conditions as it sees fit. However, any course of conduct by an insurance company which leads the insured to believe that an extension has been granted for the payment of a premium and that in the meantime the policy will not be forfeited is a waiver of contrary provisions in the contract and the insurer is estopped to urge them.
Id. at 437 (citations omitted).
The plaintiff reasons that since the insurer’s notice specified a November 11 cancellation date, this means that the previous St. Paul policy was extended for an additional month — which would include the date of the plaintiffs accident, October 11, 1996. The plaintiff argues that under Red-dick, St. Paul must provide the additional month’s insurance coverage, but deduct the additional month’s premium from the proceeds of the policy. See id. at 438.
We are not convinced that the Reddick decision applies here. In this case the insured instructed St. Paul that it did not want the renewal policy, had obtained replacement coverage elsewhere, and did not want to be charged a premium. The notice of nonpayment crossed in the mail, but on the undisputed facts, the insured had already rejected the renewal policy entirely. Where that is the case, we do not see how the notice of nonpayment of premium can breathe new life into the rejected renewal. We thus agree with the trial court’s conclusion that there was no coverage for the October 11 accident.
Affirmed.

 Unlike the Sphere Drake policy, the St. Paul policy did have completed operations coverage.