GERBER, J.
The insurer appeals from the circuit court’s final judgment in favor of the ap-pellee insurance agents Arden Insurance Associates, Inc. and Kenneth A. Norberg (the “agents”). The court based its final judgment upon its order granting the agents’ motion for summary judgment. Applying de novo review, we affirm. See McCabe v. Fla. Power & Light Co., 68 So.3d 995, 997 (Fla. 4th DCA 2011) (“Orders granting summary judgment are reviewed de novo.”).
Based on our review of the record, the agents showed without genuine issue of material fact that the insurer failed to give the named insured, appellee P.F. Construction, Inc. (the “subcontractor”), written notice of the insurer’s nonrenewal of its 2004-05 policy which provided coverage for the subcontractor’s additional insured, appellee Double A Industries, Inc. (the “contractor”). See § 627.4133(l)(a), Fla. Stat. (2005) (“An insurer issuing a policy providing coverage for ... casualty ... insurance ... shall give the named insured at least 45 days’ advance written notice of nonrenewal....”); U.S. Fire Ins. Co. v. S. Sec. Life Ins. Co., 710 So.2d 130, 132 (Fla. 5th DCA 1998) (“A ‘nonrenewal’ is a policy with material changes in terms and conditions from the prior policy.”) (citation omitted).
Because the insurer failed to give such written notice to the subcontractor, and because the subcontractor did not obtain replacement coverage before the underlying incident, the terms of the 2004-05 policy remained in effect at the time of the underlying incident. See § 627.4133(l)(c), Fla. Stat. (2005) (“If an insurer fails to provide the 45-day ... written notice required under this section, the coverage provided to the named insured shall remain in effect until 45 days after the notice is given or until the effective date of replacement coverage obtained by the named insured, whichever occurs first.”). Because the terms of the 2004-05 policy remained in effect at the time of the underlying incident, the contractor remained covered as an additional insured under the 2004-05 policy for the underlying incident. See Marchesano v. Nationwide Prop. & *800 Cas. Ins. Co., 506 So.2d 410, 413 (Fla.1987) (“Absent a notice to the contrary, the insured is entitled to assume that the terms of the renewed policy are the same as those of the original contract.”).
The insurer argues that, at the time of the renewal from the 2004-05 policy to the 2005-06 policy, it sent a document notifying the subcontractor that it was deleting coverage for the contractor as an additional insured. We have reviewed that document, and its plain language does not convey any such notice. On the contrary, the document suggests that the insurer was offering coverage for more “additional insureds.” Specifically, the document states that the 2005-06 policy would “include several enhancements” and would “include the following additional coverage in addition to the specific coverages you have previously purchased.” (emphasis added). One of the “additional coverages” was for “Automatic Additional Insureds,” defined as any entity which the subcontractor was “required in a written contract to name as an insured” under certain specified circumstances. Nowhere did the document suggest that, in exchange for offering coverage for “Automatic Additional Insureds,” the insurer would be deleting coverage for preexisting additional insureds, like the contractor here, whose written contracts did not require the subcontractor to name them as additional insureds.
The foregoing discussion is sufficient by itself to affirm the circuit court’s final judgment. Therefore, it is unnecessaiy for us to discuss the other arguments which the parties raised in their briefs.

Affirmed.

TAYLOR and LEVINE, JJ., concur.